IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MARK BETANCOURT**
4107 Farragut St
Hyattsville, MD 20781

   Plaintiff,
 v.

**SOCIAL SECURITY ADMINISTRATION**
6401 Security Boulevard
Baltimore, MD 21235-6401

   Defendant.

Civil Action No. _____

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

  Plaintiff Mark Betancourt, by and through his undersigned counsel, hereby alleges as follows:

  1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act"), for declaratory, injunctive, and other appropriate relief against the United States Social Security Administration ("SSA").

  2. By this action, Plaintiff seeks to compel Defendant to comply with its obligation under FOIA to release records Plaintiff requested. Plaintiff is statutorily entitled to disclosure of the requested records, which Defendant has withheld in violation of the Act.

### PARTIES

  3. Plaintiff is a freelance journalist whose work has appeared in *Mother Jones*, *High Country News*, *The Nation*, and other outlets.

4. Defendant is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of the records that Plaintiff seeks. The SSA's headquarters is located at 6401 Security Blvd, Baltimore, MD 21235.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

7. Plaintiff's FOIA requests (collectively, the "Requests"), described in detail below, were made for newsgathering purposes in connection with his ongoing reporting about the SSA's disability adjudication system.

### Hearing Data Request

8. On February 23, 2023, Plaintiff submitted a FOIA request (the "Hearing Data Request") to the SSA via the FOIAonline web portal. A true and correct copy of an email from SSA confirming receipt of the Hearing Data Request and describing the records sought is attached hereto as **Exhibit 1** and is incorporated by reference herein.

9. The Hearing Data Request sought certain data from the SSA's Case Processing and Management System about the outcome of hearings before SSA administrative law judges ("ALJs"). Ex. 1.

10. Specifically, the Hearing Data Request sought documents containing the following information:

> Hearings completion data from SSA's Case Processing and Management System, by name of individual administrative law judges (ALJ) for all ALJs in the Office of Hearings Operations, including the following information for each judge: [Judge (name), Hearing Office, Region, Total Dispositions, Total ALJ Dispositions Across All Offices, Decisions,

Awards, Denials, Fully Favorable and Partially Favorable] for every calendar month beginning January 2006 until the present.

*Id.*

11. The Hearing Data Request noted that the SSA posts similar data about ALJ hearings online at https://www.ssa.gov/appeals/DataSets/03_ALJ_Disposition_Data.html. *Id.*

12. The Hearing Data Request specified that responsive records should be provided electronically in spreadsheet form (Excel file or .csv). *Id.*

13. The Hearing Data Request sought a fee benefit for Plaintiff as a representative of the news media under 5 U.S.C. § 552(a)(4)(A)(ii) and set forth facts and argument in support thereof. *Id.*

14. By email dated February 23, 2023, the SSA confirmed receipt of the Hearing Data Request and assigned it tracking number SSA-2023-005046. *Id.*

15. By email dated March 23, 2023, the SSA stated it was "still processing" the Hearing Data Request. A true and correct copy of this email is attached hereto as **Exhibit 2**.

16. By email dated September 8, 2023, Plaintiff requested an update on the Hearing Data Request and an estimated completion date pursuant to 5 U.S.C. § 552(a)(7)(B)(ii). A true and correct copy of this email is attached hereto as **Exhibit 3**.

17. By email dated September 20, 2023, the SSA provided information about its "records search process" and asked Plaintiff if he would like SSA "to pull the CPMS data you requested by fiscal month for the time period that is not publicly available." A true and correct copy of this email is attached hereto as **Exhibit 4**.

18. By email dated October 3, 2023, Plaintiff responded to the SSA's September 20, 2023 email. A true and correct copy of this email is attached hereto as **Exhibit 5** and is incorporated by reference herein. In his email, Plaintiff requested clarification of the manner in

3

which the SSA maintains the requested data. Plaintiff also agreed to modify the Hearing Data Request, conditioned on the SSA's confirmation of Plaintiff's understanding. Ex. 5.

19. By email dated October 4, 2023, the SSA confirmed receipt of Plaintiff's email inquiry. A true and correct copy of this email is attached hereto as **Exhibit 6**.

20. By email dated October 26, 2023, the SSA replied to Plaintiff's email inquiry. The email, a true and correct copy of which is attached hereto as **Exhibit 7**, states, *inter alia*:

> Please know that we are consulting with the responsive component to determine whether fiscal-month-to-fiscal month ALJ disposition data for the entire timeframe (January 1, 2006 through the present) is maintained, and if so, to understand the process for retrieving the data. With your clarification, we understand that the Social Security Administration's (SSA) Case Processing and Management System data (i.e., ALJ disposition data) that you are requesting is not available in the format you are requesting on the SSA's public facing website at https://www.ssa.gov/appeals/DataSets/03_ALJ_Disposition_Data.html.
>
> Once we assess the availability of the fiscal-month-to-fiscal month ALJ disposition data (i.e., judge name, hearing office, region, total dispositions, total ALJ dispositions across all offices, decisions, awards, denials, fully favorable, and partially favorable) for the requested timeframe of January 1, 2006 through the present, we will issue a revised fee notice, if necessary. If not, we will process the FOIA accordingly and issue a final response.

Ex. 7.

21. As of the filing of this Complaint, Plaintiff has not received any records or portions thereof responsive to the Hearing Data Request.

22. As of the filing of this Complaint, Plaintiff has not received any further communication from SSA regarding the Hearing Data Request.

23. As of the filing of this Complaint, the Hearing Data Request has been pending for approximately 202 days.

<u>Focused Reviews Data Request</u>

24. On February 23, 2023, Plaintiff submitted a FOIA request (the "Focused Reviews Data Request") to the SSA via the FOIAonline web portal. A true and correct copy of an email

from SSA confirming receipt of Focused Reviews Data Request and describing the records sought is attached hereto as **Exhibit 8** and is incorporated by reference herein.

25. The Focused Reviews Data Request sought certain data from the SSA regarding ALJs who have been the subject of focused reviews.  Ex. 8.

26. Specifically, the Focused Reviews Data Request sought:

> Records reflecting judge name, completion date and location (e.g. office or region) of all focused reviews of which an administrative law judge was the subject, from January 2006 to the present.

*Id.*

27. The Focused Reviews Data Request noted that some data about SSA focused reviews is already public, including in a report published by the U.S. House of Representatives Committee on Oversight and Government Reform in 2014.  *Id.* (citing U.S. House of Representatives Committee on Oversight and Government Reform, *Staff Report: Misplaced Priorities: How the Social Security Administration Sacrificed Quality for Quantity in the Disability Determination Process*, Dec. 18, 2014, *available at* https://oversight.house.gov/report/misplaced-priorities-social-security-administration-sacrificed-quality-quality-disability-determination-process).

28. The Focused Reviews Data Request specified that responsive data be provided electronically in spreadsheet form (Excel or .csv).  *Id.*

29. The Focused Reviews Data Request sought a fee benefit for Plaintiff as a representative of the news media under 5 U.S.C. § 552(a)(4)(A)(ii) and set forth facts and argument in support thereof.  *Id.*

30. By email dated February 23, 2023, the SSA confirmed receipt of the Focused Reviews Data Request and assigned it tracking number SSA-2023-005048.  *Id.*

31. By email dated September 8, 2023, Plaintiff requested an update on the Focused Reviews Data Request and an estimated completion date pursuant to 5 U.S.C. § 552(a)(7)(B)(ii). A true and correct copy of this email is attached hereto as **Exhibit 9**.

32. By email dated September 11, 2023, the SSA replied that the Focused Reviews Data Request was "currently being reviewed by our legal department." A true and correct copy of this email is attached hereto as **Exhibit 10**. This email did not provide an estimated completion date. Ex. 10.

33. By letter dated October 13, 2023, the SSA denied the Focused Reviews Data Request in part (the "Partial Denial"). A true and correct copy of the Denial is attached hereto as **Exhibit 11**.

34. The Partial Denial stated, *inter alia*:

> Enclosed is an Excel file with the requested information; however, we redacted portions of the enclosure under the FOIA Exemptions 2 and 6.
> …
> Pursuant to the FOIA Exemption 2 (5 U.S.C. § 552(b)(2)) and Exemption 6 (5 U.S.C. § 552(b)(6)), we redacted ALJ employee codes.
> …
> Under the FOIA Exemption 6, we redacted the names of the ALJs who were the subjects of the focused reviews, as well as their office location and region.

Ex. 11.

35. A true and correct copy of the redacted spreadsheet produced by the SSA is attached hereto as **Exhibit 12**.

36. On October 25, 2023, Plaintiff, through counsel, filed an administrative appeal of the Partial Denial (the "Appeal"). A true and correct copy of the Appeal is attached hereto as **Exhibit 13**. Plaintiff appealed all of the SSA's withholdings pursuant to Exemption 2 and Exemption 6, with the exception of the SSA's withholding of "ALJ employee codes." Ex. 13.

...

37. By email dated October 25, 2023, Defendant confirmed receipt of the Appeal. A true and correct copy of that email is attached hereto as **Exhibit 14**.

38. As of the filing of this Complaint, Plaintiff has not received any additional records or portions thereof responsive to the Focused Reviews Data Request.

39. As of the filing of this Complaint, Plaintiff has not received any further communication from SSA regarding the Focused Reviews Data Request.

40. As of the filing of this Complaint, the Focused Reviews Data Request has been pending for approximately 202 days.

41. As of the filing of this Complaint, Plaintiff has not received any determination as to the Appeal.

42. As of the filing of this Complaint, the Appeal has been pending for approximately 35 days.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF FOIA FOR FAILURE TO COMPLY WITH STATUTORY DEADLINES
(Hearing Data Request)

43. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 42 as though fully set forth herein.

44. Defendant is an agency subject to FOIA. 5 U.S.C. §§ 552(f), 551.

45. The Hearing Data Request properly seeks records within the possession, custody, and/or control of Defendant under FOIA.

46. The Hearing Data Request complied with all applicable regulations regarding the submission of FOIA requests.

47. Defendant failed to make a determination regarding the Hearing Data Request within the statutory deadlines as required by FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

48. Defendant's failure to make a determination with respect to the Hearing Data Request within FOIA's statutory deadlines violates Defendant's obligations under FOIA. 5 U.S.C. § 552(a)(6)(A).

49. Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Hearing Data Request. 5 U.S.C. § 552(a)(6)(C)(i).

## COUNT II: VIOLATION OF FOIA FOR FAILURE TO COMPLY WITH STATUTORY DEADLINES
(Focused Reviews Data Request)

50. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 42 as though fully set forth herein.

51. Defendant is an agency subject to FOIA. 5 U.S.C. §§ 552(f), 551.

52. The Focused Reviews Data Request properly seeks records within the possession, custody, and/or control of Defendant under FOIA.

53. The Focused Reviews Data Request complied with all applicable regulations regarding the submission of FOIA requests.

54. The Appeal complied with all applicable regulations regarding the submission of FOIA administrative appeals.

55. Defendant failed to make a determination regarding the Appeal within the statutory deadlines as required by FOIA. 5 U.S.C. § 552(a)(6)(A)(ii).

56. Defendant's failure to make a determination with respect to the Appeal within FOIA's statutory deadlines violates Defendant's obligations under FOIA. 5 U.S.C. § 552(a)(6)(A).

57. Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Appeal. 5 U.S.C. § 552(a)(6)(C)(i).

### COUNT III: VIOLATION OF FOIA FOR UNLAWFUL WITHHOLDING OF AGENCY RECORDS
(Hearing Data Request)

58. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 42 as though fully set forth herein.

59. Defendant is an agency subject to FOIA. 5 U.S.C. §§ 552(f), 551.

60. The Hearing Data Request properly seeks records within the possession, custody, and/or control of Defendant under FOIA.

61. Defendant has not released any records or portions thereof in response to the Hearing Data Request.

62. Defendant has not cited any exemptions to withhold records or portions thereof that are responsive to the Hearing Data Request.

63. Defendant has not identified whether or how disclosure of each of the records or portions thereof sought by the Hearing Data Request would foreseeably harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A).

64. Defendant is improperly withholding agency records responsive to the Hearing Data Request in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

65. Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Hearing Data Request. 5 U.S.C. § 552(a)(6)(C)(i).

### COUNT IV: VIOLATION OF FOIA FOR UNLAWFUL WITHHOLDING OF AGENCY RECORDS
(Focused Reviews Data Request)

66. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 42 as though fully set forth herein.

67. Defendant is an agency subject to FOIA. 5 U.S.C. §§ 552(f), 551.

68. The Focused Reviews Data Request properly seeks records within the possession, custody, and/or control of Defendant under FOIA.

69. Defendant is improperly withholding agency records and information responsive to the Focused Reviews Data Request in violation of FOIA.  5 U.S.C. § 552(a)(3)(A).

70. Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Focused Reviews Data Request.  5 U.S.C. § 552(a)(6)(C)(i).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

(1) order Defendant to conduct a search reasonably calculated to identify all records responsive to the Requests;

(2) enjoin Defendant from withholding all records or portions thereof responsive to the Requests that are not specifically exempt from disclosure under FOIA;

(3) issue a declaration that Plaintiff is entitled to disclosure of the requested records;

(4) award Plaintiff reasonable attorney fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) grant such other relief as the Court may deem just and proper.

Dated: December 15, 2023

Respectfully submitted,

*/s/ Katie Townsend*
Katie Townsend
D.C. Bar No. 1026115
Email: ktownsend@rcfp.org
Adam A. Marshall
DC Bar No. 1029423
Email: amarshall@rcfp.org
Gunita Singh
D.C. Bar No. 1601923
Email: gsingh@rcfp.org

10

R<small>EPORTERS</small> C<small>OMMITTEE FOR</small>
F<small>REEDOM OF THE</small> P<small>RESS</small>
1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9303
Facsimile: 202.795.9310

*Counsel for Plaintiff*