# EXHIBIT 11



# SOCIAL SECURITY

Refer to:
S9H:  SSA-2023-005048

October 13, 2023

Mark Betancourt
4107 Farragut Street
Hyattsville, MD  20781
mark.betancourt@gmail.com

Dear Mark Betancourt:

This letter is in response to your February 23, 2023 Freedom of Information Act (FOIA) request to the Social Security Administration (SSA) for records reflecting the judge's name, completion date, and location (e.g., office or region) of all focused reviews of which an administrative law judge (ALJ) was the subject, from January 2006 to the present.

Enclosed is an Excel file with the requested information; however, we redacted portions of the enclosure under the FOIA Exemptions 2 and 6.  The agency did not begin conducting focused review until 2011; therefore, the enclosure reflects information from 2011 to present.  Also, the "report date" annotated on the Excel file is the completion date of the focused review.

Pursuant to the FOIA Exemption 2 (5 U.S.C. § 552(b)(2)) and Exemption 6 (5 U.S.C. § 552(b)(6)), we redacted ALJ employee codes.  Exemption 2 exempts from mandatory disclosure records "related solely to the internal personnel rules and practices of an agency."  This information is restricted for use by SSA employees for official agency business; therefore, it is exempt from the disclosure requirements of the FOIA.

Under the FOIA Exemption 6, we redacted the names of the ALJs who were the subjects of the focused reviews, as well as their office location and region.  The FOIA does not require agencies to disclose information that would be a clearly unwarranted invasion of personal privacy (5 U.S.C. § 552(b)(6)).  In considering whether this exemption applies to records, agencies must balance the public interest in disclosure against the privacy interest of the individual(s) whose records are requested.  The Supreme Court set out certain guiding principles for such determinations in *Department of Air Force v. Rose*, 425 U.S. 352, 372 (1976).  We must determine whether there is a significant privacy interest in the requested information, and balance that interest against the public interest in disclosure.  While the "basic purpose of the [FOIA is] to open agency action to the light of public scrutiny," here, disclosing the requested records would not shed light on how the agency performs its statutory duties.  *Id*. at 372.  Therefore, disclosing such personal information would be a clearly unwarranted invasion of personal privacy, and the FOIA exempts the records from disclosure.

We have determined that the release of the information withheld under the FOIA Exemptions 2 and 6 would cause foreseeable harm to agency interests protected by these exemptions.

Page 2 – Mark Betancourt

Thank you for the payment necessary to process your request.

If you have questions or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 410-966-0869.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services.  OGIS is an entity outside of SSA that offers mediation services to resolve disputes between FOIA requesters and Federal agencies.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records administration, 8601 Adelphi Road – OGIS, College Park, MD  20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 HR, 6401 Security Boulevard, Baltimore, MD 21235.  Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request.  Please mark the envelope or subject line with "Freedom of Information Appeal."

Sincerely,

Michelle L. Christ
Freedom of Information Officer

Enclosure