# EXHIBIT 13

**REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS**

1156 15th St. NW, Suite 1020
Washington, D.C. 20005
(202) 795-9300 • www.rcfp.org

Bruce D. Brown, Executive Director
bruce.brown@rcfp.org

**STEERING COMMITTEE CHAIR**
STEPHEN J. ADLER

**VICE CHAIR**
MARGARET LOW
WBUR

**SECRETARY-TREASURER**
MASSIMO CALABRESI
TIME

**EXECUTIVE COMMITTEE MEMBERS**
DAVID BOARDMAN
Temple University
MANNY GARCIA
Austin American-Statesman
GAIL GOVE
NBCUniversal
LAURA HANDMAN
Davis Wright Tremaine
NORMAN PEARLSTINE
THOMAS C. RUBIN
OpenAI

**STEERING COMMITTEE MEMBERS**
WOLF BLITZER
CNN
THEODORE J. BOUTROUS, JR.
Gibson, Dunn & Crutcher LLP
SEWELL CHAN
The Texas Tribune
LYNETTE CLEMETSON
University of Michigan
NIKHIL DEOGUN
Brunswick Group
EMILIO GARCIA-RUIZ
The San Francisco Chronicle
JOSH GERSTEIN
POLITICO
ALEX GIBNEY
Jigsaw Productions
SUSAN GOLDBERG
GBH
JAMES GRIMALDI
The Wall Street Journal
DIEGO IBARGÜEN
Hearst
JEREMY JOJOLA
9NEWS Colorado
KAREN KAISER
The Associated Press
KIMBRIELL KELLY
Los Angeles Times
DAVID LAUTER
Los Angeles Times
COLLEEN MCCAIN NELSON
The McClatchy Company
JAMES NEFF
Philadelphia Inquirer
BRUCE W. SANFORD
BakerHostetler, Ret.
CHARLIE SAVAGE
The New York Times
JENNIFER SONDAG
Bloomberg News
NABIHA SYED
The Markup
ADAM SYMSON
The E.W. Scripps Company
MATT THOMPSON
The New York Times
VICKIE WALTON-JAMES
NPR
SUSAN ZIRINSKY
CBS News

*Affiliations appear only for purposes of identification.*

Adam A. Marshall
Shawn Musgrave
Reporters Committee for Freedom of the Press
1156 15th St. NW, Suite 1020
Washington, DC 20005

Executive Director for the Office of Privacy and Disclosure
Social Security Administration
G-401 HR
6401 Security Boulevard
Baltimore, MD 21235

October 25, 2023

<u>VIA EMAIL</u> (FOIA.Public.Liaison@ssa.gov)

**RE: Freedom of Information Act Appeal, Request No. SSA-2023-005048**

Dear FOIA Appeals Officer:

  We represent Mark Betancourt in connection with the above-referenced request submitted under the federal Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to the Social Security Administration ("SSA"). This letter constitutes an administrative appeal on behalf of Mr. Betancourt.

## I.  Factual and Procedural History

  On February 23, 2023, Mr. Betancourt submitted a FOIA request to the SSA via FOIAonline (hereinafter, the "Request"). A true and correct copy of an email confirming the SSA's receipt of the Request is attached as Exhibit A.

  The Request sought access to certain data about focused reviews of SSA administrative law judges ("ALJs"). Ex. A. Specifically, the Request sought:

> Records reflecting judge name, completion date and location (e.g. office or region) of all focused reviews of which an administrative law judge was the subject, from January 2006 to the present.

Ex. A. The Request noted that some of this is already public, including in a staff report published by the House Committee on Oversight and

Government Reform.[1]  Ex. A.  The SSA assigned the Request tracking number SSA-2023-005048.  Ex. A.

By letter dated October 13, 2023, the SSA issued a final determination, granting the Request in part and denying it in part.  A true and correct copy of that letter is attached as Exhibit B.  As relevant to this administrative appeal, the SSA letter stated:[2]

> Enclosed is an Excel file with the requested information; however, we redacted portions of the enclosure under the FOIA Exemptions 2 and 6.
> [. . . ]
> Under the FOIA Exemption 6, we redacted the names of the ALJs who were the subjects of the focused reviews, as well as their office location and region.

Ex. B.

A true and correct copy of the accompanying Excel file is attached as Exhibit C.  That file contains a spreadsheet with six columns, four of which are redacted entirely with annotations as indicated below:

| B          | C          | D     | E      |
|------------|------------|-------|--------|
| Full Name  | Subject    | Office | Region |
| (b2), (b6) | (b2), (b6) | (b6)  | (b6)   |
| (b2), (b6) | (b2), (b6) | (b6)  | (b6)   |
| (b2), (b6) | (b2), (b6) | (b6)  | (b6)   |

Ex. C.

This administrative appeal is timely submitted.  *See* 5 U.S.C. § 552(a)(6)(A)(III)(aa) (affording requesters no less than 90 days to submit administrative appeals).

## II.     SSA Violated FOIA By Improperly Withholding Records.

FOIA was enacted to create an enforceable right of "access to official information long shielded unnecessarily from public view."  *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) (citation omitted).  As the Supreme Court has explained, the "core purpose" of the Act is to increase "public understanding of the operations or activities of the government."  *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 775 (1989) (citation omitted).  "An agency bears the burden to justify exemptions under FOIA."  *Campbell v. U.S. Dep't of Just.*, 164 F.3d 20, 30 (D.C. Cir. 1998), *as amended* (Mar. 3, 1999).  In addition, an agency also must demonstrate that it is

---

[1] *See* https://s3.documentcloud.org/documents/1384639/2014-12-18-misplaced-priorities-how-ssa.pdf.

[2] Mr. Betancourt does not appeal the SSA's withholding of "ALJ employee codes" from the responsive documents.  Ex. B.

2

"reasonably foresee[able]" that "disclosure would harm an interest protected by" the cited exemption, or that disclosure is prohibited by law.  5 U.S.C. § 552(a)(8)(A)(i).

Here, the SSA has not satisfied its burden with respect to its withholdings under either Exemption 2 or Exemption 6.

    A.    <u>SSA Improperly Withheld Records Pursuant to Exemption 2</u>.

To withhold records under Exemption 2, the government has the burden of demonstrating that the records are "related solely to the internal personnel rules and practices of an agency."  5 U.S.C. § 552(b)(2).  The U.S. Supreme Court has rejected decades of expansive interpretations of Exemption 2, explaining: "Exemption 2, consistent with the plain meaning of the term 'personnel rules and practices,' encompasses <u>only</u> records relating to issues of employee relations and human resources." *Milner v. Dep't of Navy*, 562 U.S. 562, 581 (2011) (emphasis added).  "Finally, Exemption 2 only encompasses those matters that relate 'solely' to an agency's internal rules and practices, 5 U.S.C. § 552(b)(2), which means that it does not exempt 'matters [that are] subject to ... a genuine and significant public interest[.]'" *Sheridan v. U.S. Off. of Pers. Mgmt.*, 278 F. Supp. 3d 11, 19 (D.D.C. 2017) (quoting *Dep't of the Air Force v. Rose*, 425 U.S. at 369)) (Brown Jackson, J.); *Shapiro v. Dep't of Just.*, 153 F. Supp. 3d 253, 279 (D.D.C. 2016) (same).

Here, the SSA has redacted two columns of the Excel spreadsheet pursuant, at least in part, to Exemption 2: Column B ("Full Name") and Column C ("Subject").  Ex. C.  However, in its final determination letter the SSA confusingly only discussed Exemption 2 with respect to "ALJ employee codes."  Ex. B.  To the extent such "codes" are the <u>only</u> information redacted from these two columns pursuant to Exemption 2, Mr. Betancourt does not contest the withholding thereof.  But to the extent that additional information (such as ALJs' names) was also withheld pursuant to Exemption 2, the SSA has not and cannot meet its burden.  Unlike "ALJ employee codes," an ALJ's name relates to many other subjects beyond the personnel context, including how they preside over SSA benefits matters.

Further, given the public interest at stake in understanding how SSA ALJs are performing their duties and being supervised via focused reviews, Exemption 2 does not apply at all to the requested data.  Since *Milner*, courts have agreed that Exemption 2 "is not applicable to matters subject to . . . a genuine and significant public interest." *Sheridan v. U.S. Off. of Pers. Mgmt.*, 278 F. Supp. at 19 (Brown Jackson, J.).  *See also Price v. Dep't of Just.*, No. 18-CV-1339 (CRC), 2020 WL 3972273, at *9 (D.D.C. July 14, 2020) (same); *Pronin v. Fed. Bureau of Prisons*, No. CV 17-1807 (TJK), 2019 WL 1003598, at *4 (D.D.C. Mar. 1, 2019) (same); *Shapiro v. Dep't of Just.*, 153 F. Supp. 3d 253, 279 (D.D.C. 2016) (same); *Sack v. Dep't of Just.*, 65 F. Supp. 3d 29, 36 (D.D.C.

2014) (same).  The Department of Justice has taken the same position regarding the scope of Exemption 2.[3]

Here, there is a "genuine and significant public interest" in the focused review process, such that Exemption 2 is entirely inapplicable.  There has been extensive public debate and scrutiny of the SSA focused review program.  The House Committee on Oversight and Government Reform argued the focused review program was, "[i]n theory," "a good first step toward improving the quality of decisions and ensuring the integrity of the disability appeals process" but in practice was "effectively meaningless."[4] The focused review process has been scrutinized by numerous bodies, including the SSA Inspector General,[5] the Government Accountability Office,[6] and the Administrative Conference of the United States.[7]  The focused review program is at the heart of the broader public debate about safeguards within the SSA for accurate administration of benefits.[8]  Given the significant public interest in these records, Exemption 2 does not apply at all.

Further, although the SSA stated cursorily that it "determined that the release of the information withheld" under Exemption 2 "would cause foreseeable harm," it failed to substantiate that assertion whatsoever.  This does not satisfy the SSA's "independent and meaningful burden" under the foreseeable harm standard to demonstrate "the basis and likelihood of that harm."  *Reps. Comm. for Freedom of the Press v. Fed. Bureau of Investigation*, 3 F.4th 350, 369 (D.C. Cir. 2021).

In summary, the SSA failed to satisfy its burden to withhold information pursuant to Exemption 2.

    B.    <u>SSA Improperly Withheld Records Pursuant to Exemption 6</u>.

To withhold records under Exemption 6, the government has the burden of demonstrating that the records are "personnel and medical files and similar files the

---

[3] *See* https://www.justice.gov/oip/blog/exemption-2-after-supreme-courts-ruling-milner-v-department-navy ("When there is a genuine and significant public interest in disclosure, the material falls outside of Exemption 2 as that interest would preclude it from satisfying the requirements of Exemption 2 that it relate "solely" to the "internal" personnel rules and practices of the agency.")

[4] *Supra*, note 1.

[5] *See* https://web.archive.org/web/20170824185546/https:/oig.ssa.gov/sites/default/files/audit/full/pdf/A-12-17-50220.pdf.

[6] *See* https://www.gao.gov/assets/690/689209.pdf.

[7] *See* https://www.acus.gov/document/improving-consistency-social-security-disability-adjudications.

[8] *See, e.g.*, https://kffhealthnews.org/news/article/federal-government-to-review-social-security-overpayments/.

disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). To invoke Exemptions 6, the government must first articulate whether there are any privacy interests at stake. *See Prison Legal News v. Samuels*, 787 F.3d 1142, 1147 (D.C. Cir. 2015) ("To apply exemption 6, a court must first determine whether disclosure would compromise a substantial, as opposed to a *de minimis*, privacy interest.") (citations and internal quotation marks omitted). Such privacy interest, if any, must be balanced against the public interest in disclosure. *See Lepelletier v. F.D.I.C.,* 164 F.3d 37, 46 (D.C. Cir. 1999). "Importantly, this Exemption leans heavily in favor of disclosure, as the presumption to disclose is 'at its zenith under Exemption 6.'" *WP Co. LLC v. U.S. Dep't of Def.*, 626 F. Supp. 3d 69, 78 (D.D.C. 2022) (quoting *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 37 (D.C. Cir. 2002)).

Here, the SSA redacted four columns of the Excel spreadsheet pursuant to Exemption 6. Two columns were redacted entirely pursuant to Exemption 6 (Column D ("Office") and Column E ("Region")) and another two columns (Column B ("Full Name") and Column C ("Subject")), were redacted at least in part pursuant to Exemption 6, as discussed above. Ex. B. But the SSA failed to articulate any privacy interest at all in any of the redacted information, and thus its invocation of Exemption 6 fails at the threshold inquiry. "If no significant privacy interest is implicated," then Exemption 6 does not apply, and "FOIA demands disclosure." *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 874 (D.C. Cir. 1989). Further, the SSA offers no authority to support the notion that information such as the "Office" and "Region" threaten any privacy interest, much less a "significant" one. As to ALJs' names, the SSA applied a blanket redaction in direct contravention of binding precedent that Exemption 6 "does not categorically exempt individuals' identities, though, because the 'privacy interest at stake may vary depending on the context in which it is asserted.'" *Jud. Watch, Inc. v. Food & Drug Admin.*, 449 F.3d 141, 153 (D.C. Cir. 2006) (quoting *Armstrong v. Executive Office of the President*, 97 F.3d 575, 582 (D.C. Cir. 1996)).

Having failed to demonstrate any discernible privacy interest in the redacted information, the SSA likewise failed to balance such privacy interest against the public's interest in disclosure. In a recent, highly similar case, the D.C. Circuit rejected blanket redaction of immigration judges' identities. *See generally Am. Immigr. Laws. Ass'n v. Exec. Off. for Immigr. Rev.*, 830 F.3d 667 (D.C. Cir. 2016). The Court rejected emphatically the exact argument made by the SSA here that "disclosing the requested records would not shed light on how the agency performs its statutory duties." Ex. B. Rather, the Court ruled that "knowing the identity of [a particular] judge could shed considerably more light on 'what the[ ] government is up to.'" *Am. Immigr. Laws. Ass'n*, 830 F.3d at 676 (quoting *Reporters Comm.*, 489 U.S. at 773). As in that case, the SSA "sought to justify its withholding of [ALJs'] names [and other information] in purely categorical, across-the-board terms, it has not carried its burden to justify the Exemption 6 redactions." *Id.*

Further, the SSA has failed to satisfy the foreseeable harm standard as to it Exemption 6 withholdings. A cursory sentence—the same sentence in which the SSA addressed Exemption 2—does not satisfy the SSA's "independent and meaningful

5

burden" to demonstrate "the basis and likelihood of that harm." *Reps. Comm. for Freedom of the Press*, 3 F.4th at 369. This is particularly so given that, as the Request noted, some of the ALJs' focused reviews is already a matter of public record. Ex. A.

In summary, the SSA failed to satisfy its burden to withhold information pursuant to Exemption 6.

### III.    Conclusion

Mr. Betancourt respectfully requests that the Request be remanded with instructions to release all non-exempt records or portions thereof.

If you have any questions regarding this appeal, please feel free to contact Adam Marshall.

    Sincerely,

    Adam A. Marshall
    Senior Staff Attorney
    amarshall@rcfp.org
    (202) 795-9308

    Shawn Musgrave
    Legal Fellow
    Reporters Committee for Freedom of the Press

# EXHIBIT A



Mark Betancourt <mark.betancourt@gmail.com>

## FOIA Request SSA-2023-005048 Submitted

**SSAFOIA-DoNotReply@regulations.gov** <SSAFOIA-DoNotReply@regulations.gov>  Thu, Feb 23, 2023 at 3:44 PM
To: mark.betancourt@gmail.com

This message is to confirm your request submission to the FOIAonline application: View Request. Request information is as follows:

- Tracking Number: SSA-2023-005048
- Requester Name: Mark Betancourt
- Date Submitted: 02/23/2023
- Request Status: Submitted
- Description: Dear Ms. Christ:

  This is a request under the Freedom of Information Act.

  I request that a copy of documents containing the following information be provided to me:

  Records reflecting judge name, completion date and location (e.g. office or region) of all focused reviews of which an administrative law judge was the subject, from January 2006 to the present.

  Please note that this data is already publicly available as it pertains to some of the ALJs who have been the subjects of focused reviews, for example in this December, 2014 staff report to the House Committee on Oversight and Government Reform (e.g. the footnote on page 15): https://s3.documentcloud.org/documents/1384639/2014-12-18-misplaced-priorities-how-ssa.pdf.

  With this request, I am merely asking for the specified information on all focused reviews to date.

  Please provide this data electronically in spreadsheet form (Excel file or .csv).

  In order to help to determine my status to assess fees, you should know that I am a freelance journalist reporting for Mother Jones magazine, and this request is made as part of news gathering and not for a commercial use.

  Thank you for your consideration of this request. Please don't hesitate to contact me at mark.betancourt@gmail.com or (520) 245-2794 with any questions.

  Sincerely,

  Mark Betancourt

# EXHIBIT B



# SOCIAL SECURITY

Refer to:
S9H: SSA-2023-005048

October 13, 2023

Mark Betancourt
4107 Farragut Street
Hyattsville, MD  20781
mark.betancourt@gmail.com

Dear Mark Betancourt:

This letter is in response to your February 23, 2023 Freedom of Information Act (FOIA) request to the Social Security Administration (SSA) for records reflecting the judge's name, completion date, and location (e.g., office or region) of all focused reviews of which an administrative law judge (ALJ) was the subject, from January 2006 to the present.

Enclosed is an Excel file with the requested information; however, we redacted portions of the enclosure under the FOIA Exemptions 2 and 6.  The agency did not begin conducting focused review until 2011; therefore, the enclosure reflects information from 2011 to present.  Also, the "report date" annotated on the Excel file is the completion date of the focused review.

Pursuant to the FOIA Exemption 2 (5 U.S.C. § 552(b)(2)) and Exemption 6 (5 U.S.C. § 552(b)(6)), we redacted ALJ employee codes.  Exemption 2 exempts from mandatory disclosure records "related solely to the internal personnel rules and practices of an agency."  This information is restricted for use by SSA employees for official agency business; therefore, it is exempt from the disclosure requirements of the FOIA.

Under the FOIA Exemption 6, we redacted the names of the ALJs who were the subjects of the focused reviews, as well as their office location and region.  The FOIA does not require agencies to disclose information that would be a clearly unwarranted invasion of personal privacy (5 U.S.C. § 552(b)(6)).  In considering whether this exemption applies to records, agencies must balance the public interest in disclosure against the privacy interest of the individual(s) whose records are requested.  The Supreme Court set out certain guiding principles for such determinations in *Department of Air Force v. Rose*, 425 U.S. 352, 372 (1976).  We must determine whether there is a significant privacy interest in the requested information, and balance that interest against the public interest in disclosure.  While the "basic purpose of the [FOIA is] to open agency action to the light of public scrutiny," here, disclosing the requested records would not shed light on how the agency performs its statutory duties.  *Id*. at 372.  Therefore, disclosing such personal information would be a clearly unwarranted invasion of personal privacy, and the FOIA exempts the records from disclosure.

We have determined that the release of the information withheld under the FOIA Exemptions 2 and 6 would cause foreseeable harm to agency interests protected by these exemptions.

Page 2 – Mark Betancourt

Thank you for the payment necessary to process your request.

If you have questions or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 410-966-0869.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services.  OGIS is an entity outside of SSA that offers mediation services to resolve disputes between FOIA requesters and Federal agencies.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records administration, 8601 Adelphi Road – OGIS, College Park, MD  20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 HR, 6401 Security Boulevard, Baltimore, MD 21235.  Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request.  Please mark the envelope or subject line with "Freedom of Information Appeal."

        Sincerely,

        *Michelle L. Christ*

        Michelle L. Christ
        Freedom of Information Officer

Enclosure

# EXHIBIT C

| FR | Full Name | Subject | Office | Region | Report Date |
|---|---|---|---|---|---|
| 23-8 | (b2), (b6) | (b2), (b6) | b6) |  | 5/5/23 |
| 11-1 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/15/11 |
| 11-1 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/15/11 |
| 11-1 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/15/11 |
| 11-1 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/15/11 |
| 11-2 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 7/15/11 |
| 11-3 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 7/25/11 |
| 11-4 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 7/12/11 |
| 11-5 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/12/11 |
| 11-7 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/7/11 |
| 11-7 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/7/11 |
| 11-7 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/7/11 |
| 11-7 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/7/11 |
| 11-7 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/7/11 |
| 12-1 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 4/12/13 |
| 12-1 | (b2), (b6) | (b2), (b6) | (b6) | (b6) |  |
| 12-1 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 10/17/11 |
| 12-2 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 11/10/11 |
| 12-3 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 11/22/11 |
| 12-3 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 11/29/11 |
| 12-4 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 11/23/11 |
| 12-5 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 3/12/12 |
| 12-6 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 3/20/12 |
| 12-6 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 3/20/12 |
| 12-6 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 3/30/12 |
| 12-7 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 4/11/12 |
| 12-7 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 4/11/12 |
| 12-8 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 7/2/12 |
| 12-9 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/20/12 |
| 12-10 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 10/18/12 |
| 13-1 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 10/12/12 |
| 13-2 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 11/5/12 |
| 13-3 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 11/30/12 |
| 13-4 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 12/14/12 |
| 13-5 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 1/11/13 |
| 13-6 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 1/23/13 |
| 13-7 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 2/22/13 |
| 13-8 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 3/1/13 |
| 13-9 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 3/26/13 |
| 13-10 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 4/26/13 |
| 13-11 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 4/12/13 |
| 13-12 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 5/10/13 |
| 13-13 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 5/15/13 |
| 13-14 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 5/31/13 |
| 13-15 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 5/24/13 |
| 13-16 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 5/31/13 |
| 13-17 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 6/24/13 |

| | | | | | |
|---|---|---|---|---|---|
| 13-18 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 6/12/13 |
| 13-19 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 6/21/13 |
| 13-20 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 5/31/13 |
| 13-21 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/2/13 |
| 13-22 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/2/13 |
| 13-23 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/16/13 |
| 13-24 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/23/13 |
| 13-25 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/25/13 |
| 14-1 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 10/25/13 |
| 14-2 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 11/15/13 |
| 14-3 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 11/22/13 |
| 14-4 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 1/15/14 |
| 14-5 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 1/31/14 |
| 14-6 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 3/7/14 |
| 14-7 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 3/28/14 |
| 14-8 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 3/28/14 |
| 14-9 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 4/18/14 |
| 14-10 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 4/25/14 |
| 14-11 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 5/16/14 |
| 14-12 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 5/23/14 |
| 14-13 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 6/6/14 |
| 14-14 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 6/19/14 |
| 14-15 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 7/18/14 |
| 14-16 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/22/14 |
| 14-17 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/10/14 |
| 14-18 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/12/14 |
| 15-1 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 10/10/14 |
| 15-2 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 11/16/14 |
| 15-4 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 12/12/14 |
| 15-5 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 1/7/15 |
| 15-6 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 1/16/15 |
| 15-7 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 2/20/15 |
| 15-8 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 2/20/15 |
| 15-9 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 3/13/15 |
| 15-10 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 4/7/15 |
| 15-11 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 4/15/15 |
| 15-12 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 4/24/15 |
| 15-13 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 5/22/15 |
| 15-14 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 6/18/15 |
| 15-15 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/7/15 |
| 16-1 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 10/6/15 |
| 16-2 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 11/12/15 |
| 16-3 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 11/20/15 |
| 16-5 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 1/8/16 |
| 16-6 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 1/8/16 |
| 16-8 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 3/18/16 |
| 16-9 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 4/1/16 |
| 16-10 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 4/15/16 |

| | | | | | |
|---|---|---|---|---|---|
| 16-11 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 5/13/16 |
| 16-12 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 6/3/16 |
| 16-13 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 6/10/16 |
| 16-14 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 7/7/16 |
| 16-15 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 7/15/16 |
| 16-16 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 7/29/16 |
| 16-17 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/5/16 |
| 16-18 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/26/16 |
| 16-19 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/16/16 |
| 16-20 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/30/16 |
| 17-1 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 10/28/16 |
| 17-2 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 11/18/16 |
| 17-3 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 12/9/16 |
| 17-4 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 1/13/17 |
| 17-5 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 1/27/17 |
| 17-6 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 2/10/17 |
| 17-7 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 2/24/17 |
| 17-8 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 3/10/17 |
| 17-9 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 4/5/17 |
| 17-10 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 4/12/17 |
| 17-11 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 4/26/17 |
| 17-12 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 5/10/17 |
| 17-13 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 5/24/17 |
| 17-14 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 6/14/17 |
| 17-15 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 6/22/17 |
| 17-16 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 7/10/17 |
| 17-17 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 7/19/17 |
| 17-18 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/9/17 |
| 17-19 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/30/17 |
| 17-20 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/8/17 |
| 18-1 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 10/4/17 |
| 18-2 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 10/27/17 |
| 18-3 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 11/8/17 |
| 18-4 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 12/1/17 |
| 18-5 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 12/8/17 |
| 18-6 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 1/12/18 |
| 18-7 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 5/4/18 |
| 18-8 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 6/1/18 |
| 18-9 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 6/7/18 |
| 18-10 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 6/28/18 |
| 18-11 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 7/12/18 |
| 18-12 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/9/18 |
| 18-13 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/30/18 |
| 18-14 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/6/18 |
| 18-15 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/20/18 |
| 19-1 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 10/4/18 |
| 19-2 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 10/18/18 |
| 19-3 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 11/1/18 |

| | | | | | |
|---|---|---|---|---|---|
| 19-4 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 11/15/18 |
| 19-5 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 11/29/18 |
| 19-6 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 12/13/18 |
| 19-7 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 12/20/18 |
| 19-8 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 1/10/19 |
| 19-9 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 2/7/19 |
| 19-10 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 2/27/19 |
| 19-10 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 2/27/19 |
| 19-10 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 2/27/19 |
| 19-10 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 2/27/19 |
| 19-11 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 3/7/19 |
| 19-12 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 3/21/19 |
| 19-13 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 4/4/19 |
| 19-14 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 4/18/19 |
| 19-15 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 5/9/19 |
| 19-16 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 5/30/19 |
| 19-17 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 6/24/19 |
| 19-18 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 6/27/19 |
| 19-19 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 7/11/19 |
| 19-20 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 7/29/19 |
| 19-21 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/19/19 |
| 19-22 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/19/19 |
| 20-1 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 1/31/20 |
| 20-2 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 11/13/19 |
| 20-3 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 11/6/19 |
| 20-4 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 12/23/19 |
| 20-5 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 12/9/19 |
| 20-6 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 2/20/20 |
| 20-7 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 3/27/20 |
| 20-8 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 4/17/20 |
| 20-9 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 5/12/20 |
| 20-10 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 6/25/20 |
| 20-11 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 6/4/20 |
| 20-12 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 7/23/20 |
| 20-13 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/10/20 |
| 20-14 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/27/20 |
| 20-15 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/17/20 |
| 21-1 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 3/5/21 |
| 21-2 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 4/2/21 |
| 21-3 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 3/9/21 |
| 21-4 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 4/23/21 |
| 21-5 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 5/12/21 |
| 21-6 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 5/27/21 |
| 21-7 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 6/24/21 |
| 21-8 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 7/16/21 |
| 21-9 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 7/7/21 |
| 21-10 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/16/21 |
| 21-11 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/22/21 |

| | | | | | |
|---|---|---|---|---|---|
| 21-12 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 7/28/21 |
| 21-13 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/28/21 |
| 21-14 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/26/21 |
| 21-15 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/2/21 |
| 21-16 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/4/21 |
| 21-17 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/9/21 |
| 21-18 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/13/21 |
| 21-19 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/24/21 |
| 21-20 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/14/21 |
| 22-1 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 3/4/22 |
| 22-2 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 3/21/22 |
| 22-3 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 4/15/22 |
| 22-4 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | |
| 22-5 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 5/2/22 |
| Replacement 22-4 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 5/20/22 |
| 22-6 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 7/8/22 |
| 22-7 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 6/8/22 |
| 22-8 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 7/15/22 |
| 22-9 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/5/22 |
| 22-10 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 7/25/22 |
| 22-11 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/15/22 |
| 22-12 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/23/22 |
| 22-13 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/19/22 |
| 22-14 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 8/25/22 |
| 22-15 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/22/22 |
| 22-16 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 9/16/22 |
| 23-1 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 12/5/22 |
| 23-2 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 12/14/22 |
| 23-3 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 1/17/23 |
| 23-4 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 1/6/23 |
| 23-5 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 3/30/23 |
| 23-6 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | |
| 23-7 | (b2), (b6) | (b2), (b6) | (b6) | (b6) | 4/27/23 |