UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARK BETANCOURT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Civil Action No. 23-3741 (CKK) |

## RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant respectfully submits the following response to Plaintiff's June 16, 2026, Notice of Supplemental Authority, ECF No. 24.

Plaintiff's notice claimed that *Jigsaw Productions, Inc. v. Securities and Exchange Commission*, --- F. Supp. 3d ---, Civ. A. No. 24-2368 (TSC) (D.D.C. Mar. 23, 2026), decided nearly three months earlier, is "germane" to the parties' pending motions for summary judgment. Pl.'s Not. at 2.  It is not.

In *Jigsaw*, the requester sought a "video and audio recording" of Elon Musk's interview with SEC civil investigators.  *Jigsaw*, 2026 WL 797411, at *1.  The Exemption 6 analysis in *Jigsaw* turned on two facts not present in this action: (1) "the SEC has already released a transcript of [the] interview" and (2) "Musk is a highly visible public figure whose image, demeanor, and voice are already well known."  *Id.*

As to the first factor, the Court emphasized that there would be minimal privacy harm in releasing the video when "the contents of the interview have already been publicly released." *Jigsaw*, 2026 WL 797411, at *3.  That is, the exact information had already been released.  Here, Plaintiff claims that it could determine the information sought from analogous information: i.e.,

"the name of every ALJ at the Social Security Administration . . . and detailed information about their performance."  *See* Pl.'s Notice at 2.  But Plaintiff does not claim that Defendant has actually released the information at issue, as in *Jigsaw*, and, in fact, the information is not in the public domain.  *See* Def.'s Reply at 8, ECF No. 20 ("Plaintiff's attempt to draw a connection between the ALJ disposition data the Agency posts on its website and the ALJs selected for focused reviews improperly links two highly different datasets for which there is no logical connection." (citation omitted)).  Moreover, *Jigsaw* contrasts Musk's video deposition with a case in which private individuals were promised confidentiality.  *See Jigsaw*, 2026 WL 797411, at *4.  Here, the Agency emphasized the need for confidentiality.  *See* Def.'s Mot. at 3, ECF No. 15.

Plaintiff does not mention the second factor at all.  *See* Pl.'s Not. at 1–2.  Yet it was undoubtedly critical to *Jigsaw*'s conclusion.  When evaluating foreseeable harm, the Court explained that "Musk—as a world-famous public figure whose voice, likeness, and mannerisms are widely publicized and easily accessible on the internet, including in interviews where he answered probing questions—does not face the same harms to his privacy interests faced by an ordinary person or even a less known celebrity."  Jigsaw, 2026 WL 797411, at *4; *see also id.* at *1 (citing allegations about how Musk's "voice, mannerisms, and likeness are widely available in the public domain").  Plaintiff cannot reasonably compare the privacy interests of a highly visible public figure such as Elon Musk with the privacy interests of administrative law judges.  *See* Def.'s Reply at 5–7 (ALJs have substantial privacy interest); s*ee, e.g.*, *Am. Immigr. Lawyers Ass'n v. Exec. Off. For Immigr. Rev.*, 830 F.3d 667, 675–76 (D.C. Cir. 2016) (recognizing need to weigh the privacy interests of administrative judges against the public interest in information about complaints).

- 3 -

Dated: June 24, 2026                    Respectfully submitted,


By: _____ */s/ Brian J. Levy* _____
            BRIAN J. LEVY
            Assistant United States Attorney
            601 D Street, NW
            Washington, DC 20530
            (202) 252-6734

            *Attorney for the United States of America*